UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-217 (JNE/JSM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Position Regarding |
| | ) | Sentencing Factors |
| ZACHARY MORGENSTERN, | ) | |
| | ) | |
| Defendant. | ) | |

Zachary Morgenstern, through counsel, respectfully offers the following position concerning the sentencing factors we ask the Court to bring to bear in the upcoming sentencing proceedings in this case.  Uncontested facts support well-recognized departures and variances sufficient to justify a meaningful step below the advisory guideline ranges outlined in the Pre-Sentence Investigation Report ("PSI") and plea agreement.  We seek a sentence that emphasizes rehabilitation over retribution, by substituting community-based programming for incarceration in significant measure.

As is set forth below, uncontested facts support mitigation.  Zachary Morgenstern is the survivor of a difficult childhood.  Although his offense conduct is disturbing, the intervention of a federal investigation and prosecution and everything that comes with it is an opportunity that he has seized.  His life has taken a strong and positive turn.  His conduct shows pre-sentence rehabilitation and a high degree of acceptance of responsibility, bases for a below-guideline sentence in their own right.

We abide by the terms of the plea agreement and its outline of an advisory, pre-departure range of 46 to 57 months.  Regardless of the final computation, however, the uncontested facts support a sentence that is below that range and the pre-departure range of 41 to 51 months that is outlined in the PSI.  We ask the Court to give a sentence that substitutes community-based restrictions for imprisonment in significant measure its most serious consideration.

Facts

The facts of the offense conduct in this case and of Mr. Morgenstern's history and background ought not be in significant controversy.  Over a period of time that extended from October 2014 into May 2015, he was active in a group of people who pushed online, computer-based activities well past the boundaries of the criminal law.  Their actions were both illegal and deeply offensive.  The fact that he acted in a community of like minded people is not offered to shift responsibility:  He was the prime mover in each of the events outlined in his plea agreement's factual basis.  His actions caused serious damage to individuals and to public institutions, triggering guideline enhancements that we do not contest.

It is also true that his childhood is marked by noteworthy instability.  This is an observation that is intended as neither a criticism of the people who cared for him nor a questioning of their sincerity.  Nonetheless, as his mother's condition and mental illness worsened, his transfers among the homes of his father and his maternal and paternal

grandparents from birth through childhood and adolescence had an impact on his psychological stability and emotional well being.  He lived a latch-key existence for years.  Diagnoses of attention deficit disorder and depression are not surprising.  Neither is a history of self-medication and substance abuse.

It makes sense in some ways that such a child would find refuge in computers. Mr. Morgenstern's computer skills are self taught.  At an age when people are often easily influenced and when critical judgment is not well developed, Zachary Morgenstern's explorations took a dark turn, resulting in the conduct that brings him before this Court.  He did and said ugly and destructive things.  Still, his age, background, and the positive steps he has taken in response to the intervention that is this case counsel a sentence that emphasizes rehabilitation over punishment.

Analysis

The reigning guidance for federal sentencing, 18 U.S.C. § 3553(a), et. seq., calls for the consideration of the sentencing guidelines themselves,[1] and a host of other factors including the nature and circumstances of the offense, the history and characteristics of the offender,[2] and what will best advance his or her rehabilitation.[3]  Although the

---

[1]  18 U.S.C. § 3553(a)(4)(A)(I).

[2]  18 U.S.C. § 3553(a)(1).

[3]  18 U.S.C. § 3553(a)(2)(D).

Sentencing Guidelines punish an intersection of offense conduct and prior record alone, federal sentencing law, of which they are but a part, recognizes that courts sentence human beings.

The details of these considerations are guided by one overriding principle and an important Congressional finding. Congress prescribes that the sentence should be the minimum necessary to accomplish the enumerated purposes of sentencing.[4] Further, Congress has found that "imprisonment is not an appropriate means of promoting correction and rehabilitation," which are themselves statutory goals of sentencing.[5] In this case, uncontested facts, these now unfettered sentencing factors, and the statutes' calls for a sentence no longer than necessary and for non-custodial rehabilitation, all support a sentence outside of and below the pre-departure ranges of 46-57 months and 41-51 months outlined in the parties' plea agreement and in the PSI, respectively.

Put simply, this case presents facts that remove it from the ranges at which Mr. Morgenstern's offense level and criminal history intersect. The answer to the central sentencing question, what sentence is no longer than necessary to accomplish the purposes of sentencing set forth in the sentencing statutes, receives significant direction from the record in this case. The § 3553(a) factors, particularly Mr. Morgenstern's history and characteristics, are illuminated by uncontested facts in the PSI. These

---

[4] 18 U.S.C. § 3553(a).

[5] 18 U.S.C. §§ 3553(a)(2)(D), 3582(a).

Page 4

uncontested facts, the now unfettered sentencing factors, and the statutes' call for non-custodial rehabilitation and a sentence no longer than necessary to accomplish the statutory objectives of sentencing, all support a sentence that substitutes community-based rehabilitation for much of the imprisonment that would otherwise apply.

Such a sentence is appropriate for many reasons. The uncontested facts of this case place it within the letter and spirit of pre-sentence rehabilitation, a long-recognized departure. Consistent with this, Zachary Morgenstern has demonstrated an unusually high degree of acceptance of responsibility.

### 1. Pre-Sentence Rehabilitation

The longstanding mitigating considerations of rehabilitation in general, and pre-sentence rehabilitation in particular, have received a recent declaration of support from the Supreme Court. The uncontested facts of this case support a below-guideline sentence in recognition of Zachary Morgenstern's progress in his own rehabilitation.

Following earlier disagreements within and among Circuits, pre-sentence rehabilitation emerged as a widely-accepted basis for below guideline sentences.[6] Post-offense rehabilitation has become a widely-accepted basis to impose a sentence below the advisory guidelines, both through a downward departure under § 5K2.0, and as a variance

---

[6] *See, e.g.*, *United States v. Shy*, 538 F.3d 933, 938 (8th Cir. 2008); *United States v. McFarlin*, 535 F.3d 808, 811 (8th Cir. 2008); *United States v. Chapman*, 356 F.3d 843, 849 (8th Cir. 2004); *United States v. Sanchez-Gonzalez*, 347 Fed.Appx. 852, 855 (3d Cir. 2009); *United States v. Martin*, 520 F.3d 87, 94 (1st Cir. 2008); *United States v. Brock*, 108 F.3d 31 (4th Cir. 1997); *United States v. Core*, 125 F.3d 74, 75 (2d Cir. 1997).

from the guidelines under 18 § 3553(a), supporting sentencing reductions considerably greater than the one sought here.[7]  Reductions of many years have been affirmed in light of a defendant's rehabilitation.[8]

A district court judge from Nebraska explained the role that a defendant's post-offense conduct can play in supporting a variance, and the way such conduct impacts several factors in a district court's sentencing analysis:

> When a defendant has demonstrated extraordinary success at rehabilitation efforts, the need for incarceration is diminished.  The history and characteristics of the defendant are changed.  The punishment that is "just" is changed.  The need for specific deterrence is lessened.  The need for correctional programs such as psychological counseling and drug rehabilitation may be negated.  The defendant's isolation and incapacitation are no longer paramount for the protection of society.

*United States v. Hasan*, 2009 WL 1813650, *2 (D. Neb. June 24, 2009); *Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 1240-43 (2011) (noting that "the punishment should fit the offender and not merely the crime," and describing the role that post-sentencing rehabilitation plays in determining a fair sentence).  Indeed, the Eighth Circuit has remanded for resentencing when a district court erroneously refused to consider the post-offense rehabilitation of a defendant who went to trial and did not accept

---

[7]  *See e.g.*, *United States v. Shy*, 538 F.3d 933, 938 (8th Cir. 2008) (affirming a sentence of probation for a drug offender with a guideline range of 36-46 months, based in part on post-offense rehabilitation).

[8]  *See e.g.*, *United States v. McFarlin*, 535 F.3d 808, 811 (8th Cir. 2008) (affirming a sentence of probation in the face of a guideline range of 97-121 months in part based on post-offense rehabilitation).

responsibility for his offense, holding that "atypical post-offense rehabilitation can itself
be the basis for a departure under § 5K2.0."[9]

The Supreme Court reemphasized the significance of rehabilitation to sentencing
in *Pepper v. United States*, 131 S.Ct. 1229 (2011).  In *Pepper*, the Court resolved a split
among the circuits in defendants' favor, reversing the Eighth Circuit and holding that
post-sentence rehabilitation can support a below-guideline sentence.[10]  In so doing, the
Court made it clear that all rehabilitation is relevant.  In sum, governing precedent
abundantly supports below-guideline sentences in cases where the accused demonstrates
post-offense rehabilitation.

2.  Acceptance of Responsibility

Mr. Morgenstern's progress toward rehabilitation is reflected in several ways by
uncontested facts about him and this case.  He confessed to law enforcement in great
detail.  Indeed, he was the strongest witness in support of the charges that were brought
against him.  He agreed to forfeiture beyond the scope of what the law allows.  The
unusual length and depth of the factual background discussion in his plea agreement is a
further reflection of both the volume of his confession and the extent of his acceptance of
responsibility.  It is beyond reasonable dispute that he has moved in a consistently
positive direction in the time since his arrest.  For this reason alone the enhanced

---

[9]  *United States v. Chapman*, 356 F.3d 843, 847-49 (8th Cir. 2004).

[10]  *Pepper*, 131 S.Ct. at 1241.

guidelines are inappropriately high.

<u>Conclusion</u>

This case presents bases for mitigation and a sentence meaningfully below any of the suggested guideline ranges.  For the reasons outlined above, undisputed facts about Zachary Morgenstern, his offense conduct, and the time since the end of his offense conduct call for a sentence that emphasizes rehabilitation over retribution, by substituting community-based conditions for much of the incarceration advocated by the Sentencing Guidelines.  We ask the Court to give such a sentence its most serious consideration.

Dated:          November 30, 2015                    Respectfully submitted,


                                                     *s/ Andrew H. Mohring*
                                                     _____
                                                     Andrew H. Mohring
                                                     Attorney No. 190731
                                                     Attorney for Defendant
                                                     Office of the Federal Defender
                                                     107 U.S. Courthouse
                                                     300 South Fourth Street
                                                     Minneapolis, MN 55415